UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN TATE,

        Plaintiff,

   v.                                                Case No. 07-C-755

MATTHEW FRANK, et al.,

        Defendants.

**ORDER**

Plaintiff Tate, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The defendants have recently asked this court to "re-screen" the complaint in light of *George v. Smith,* 507 F.3d 605 (7th Cir. 2007). That case did not set forth new rules or criteria, but it did underscore the applicability of Rule 20's rules on joinder. *See* Fed. R. Civ. P. 20. In *George,* the inmate plaintiff had named 24 defendants in some 50 claims, and the Seventh Circuit frowned on the district court's allowing of this "mishmash of a complaint." *Id.* at 607. In a nutshell, an inmate (or any litigant, for that matter) cannot sue multiple parties for numerous unrelated actions; Rule 20 requires that multiple parties may be named as defendants only when their actions arise out of the same conduct as the other party or parties. The court in *George* further observed that when *any* claim in an inmate complaint fails to state a claim – as I found in my screening order – the inmate is to be given a "strike" under 28 U.S.C. § 1915(g).

In this court's screening order, I attempted to sift through a similar mishmash complaint, even noting in some cases that it was profoundly confusing and prolix. In retrospect, and in light of

*George*, that approach appears to have been needlessly indulgent. In fact, by his own assertion in an affidavit, Tate states that "[t]his is a complex case because it contains several different legal claims, [with] each claim involving a different set of defendants." (Tate Aff., ¶ 5.) The complaint should have been dismissed with leave to file a new one in compliance with Rules 8, 18 and 20. Now, rather than attempt to sort through the complaint and guess which claims the plaintiff would like to pursue and which should be severed, I will dismiss the entire complaint without prejudice. Tate may file another complaint in this case within 30 days; if he does so, he must join only those parties as to whom he asserts a right to relief that arises out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a). He is cautioned once again that vague assertions of conspiracies or supervisory liability will not suffice to justify joinder of multiple defendants in a single action. Any other claims he may wish to pursue must be brought in separate civil actions accompanied by appropriate filing fees or motions for leave to proceed *in forma pauperis*.

In sum, **IT IS ORDERED THAT** the complaint is **DISMISSED** without prejudice; plaintiff may file an amended complaint in this action within thirty days. Further, it is **ORDERED** that the plaintiff be given a "strike" under 28 U.S.C. § 1915(g) for having filed one or more claims subject to dismissal for failure to state a claim. **IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

Dated this 20th day of December, 2007.

    /s William C. Griesbach
William C. Griesbach
United States District Judge