UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN TATE,

        Plaintiff,

v.                                                   Case No. 07-C-755

MATTHEW FRANK, et al.,

        Defendants.

## ORDER

Plaintiff Tate seeks leave to appeal *in forma pauperis* and moves for a stay of this case pending that appeal. To recall, Tate's complaint was dismissed *without prejudice* and he was allowed to file an amended complaint correcting the errors this court had cited under *George v. Smith,* 507 F.3d 605 (7th Cir. 2007). No judgment has been entered. The Seventh Circuit has reiterated that it generally only maintains jurisdiction to hear appeals of "final orders," and it is clear that there is no such order to appeal in this case:

> A dismissal without prejudice is an appealable final order if it ends the suit so far as the district court is concerned, *United States v. Wallace & Tiernan Co.,* 336 U.S. 793, 794 n. 1 (1949), or if "there is no amendment a plaintiff could reasonably be expected to offer to save the complaint, or if a new suit would be barred by the statute of limitations." *Glaus v. Anderson,* 408 F.3d 382, 386 (7th Cir. 2005); *see also Kaba v. Stepp,* 458 F.3d 678, 680 (7th Cir. 2006); *Moya v. Schollenbarger,* 465 F.3d 444, 450-51 (10th Cir. 2006). But a dismissal without prejudice is not appealable if it amounts to merely telling the plaintiff "to patch up the complaint, or take some other easily accomplished step"; in that event it "is no more reviewable than the resolution of a discovery dispute or equivalent interlocutory ruling."

*Taylor-Holmes v. Office of Cook County Public Guardian,* 503 F.3d 607, 610 (7th Cir. 2007).

The point is that appellate review begins only when all matters are disposed of in the district court. "[T]he finality requirement in § 1291 evinces a legislative judgment that '[r]estricting

appellate review to 'final decisions' prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy.'" *ITOFCA, Inc. v. MegaTrans Logistics, Inc.,* 235 F.3d 360, 364 (7th Cir. 2000) (citation omitted). Here, there is no final decision because most of Tate's claims were not dismissed on their merits but for the procedural reason that they may not be joined in a single case.

Because there is no final order to appeal, the motion for leave to proceed *in forma pauperis* on appeal is not in good faith and will be denied. 28 U.S.C. § 1915(a)(3). *Hinton v. Lanham Ford Motor Co.,* 2007 WL 2376935, *1 (4th Cir. 2007) ("The order Hinton seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. . . Accordingly, we deny leave to proceed in forma pauperis.")

In addition, the motion for a stay pending appeal will be denied as unnecessary. "[T]he filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States,* 62 F.3d 192, 193 (7th Cir.1995). The notice of appeal challenges essentially every aspect of the underlying case, and thus this court will not have jurisdiction to consider any amended complaints the plaintiff might file. As such, the filing of the notice of appeal has the effect of a stay in this case, and no further action will be taken until the court of appeals rules on the appeal.

In sum, the motion to proceed *in forma pauperis* on appeal is **DENIED**; the motion for a stay and motion for extension of time to file an amended complaint are **DENIED** as unnecessary.

**SO ORDERED** this        11th        day of February, 2008.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge