UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN TATE,

        Plaintiff,

v.                                           Case No. 07-C-755

MATTHEW FRANK, et al.,

        Defendants.

**ORDER**

Plaintiff Sean Tate, an inmate presently at Green Bay Correctional Institution ("GBCI"), has filed an amended complaint, as allowed by this court's May 29 order. Pursuant to 28 U.S.C. § 1915A, the amended complaint is subject to screening to ensure that it states viable claims.

The amended complaint begins by describing a series of trivial disputes the Plaintiff has had with food service staff. He apparently anointed himself the arbiter of prison health and safety at Redgranite Correctional Institution, his previous place of incarceration, and in that capacity he has gotten into disputes with prison staff about the expiration dates of cereal and one staffer's failure to wear gloves while distributing bread. He also attempted to convince staff to award a dishwashing job to an inmate named Abdullah rather than another inmate. In return for raising these issues and attempting to file complaints about them, he alleges the food service staff have conspired to retaliate against him by trumping up a disciplinary report and having him removed from his food service job.

This claim will be dismissed for failure to state a claim. Although the actions allegedly taken against Plaintiff suffice to suggest "retaliation" (in the general sense of the term), there is no

hint that these actions were retaliation for any *protected* activity. Telling someone to put on gloves, or suggesting that a friend should get a job, are not forms of petitioning the government for redress nor the kinds of prisoner speech that receive constitutional protection. Plaintiff states that he "filed a verbal complaint" about some of these things, but that does not transform the essentially personal nature of the complaints he has raised. *See, e.g., McElroy v. Lopac,* 403 F.3d 855 (7th Cir. 2005) (per curiam).[1] As the Seventh Circuit found in a similar case:

> Although Brookins argues that the prison officials retaliated against him for exercising his right to free speech, he has not demonstrated that the speech contained in his letter rose to the level of protected speech. Brookins did not write the letter to inform the prison officials about a prison issue that was a matter of public interest or concern. The letter only dealt with a matter personal to Sanders. The letter requested the use of lie detector tests to help disprove the allegations against Sanders. The letter did not highlight a problem with the way the prison handled its disciplinary proceedings, or urge a change of any prison policy precluding the use of lie detector tests in disciplinary proceedings against inmates. Thus, we do not find the type of speech contained in the letter to be protected by the First Amendment.

*Brookins v. Kolb,* 990 F.2d 308, 313 (7th Cir. 1993).

The oral complaints Plaintiff made to prison staff were so trivial that they are not afforded First Amendment protection against retaliation. *Cf. Pearson v. Welborn,* 471 F.3d 732, 740 (7th Cir. 2006) ("Pearson's complaints about the use of shackles in group therapy and the denial of yard time related to matters of concern to all J-pod prisoners.") Accordingly, this retaliation claim will be dismissed.

His second claim alleges that more than a year later, while at Kettle Moraine Correctional Institution, prison staff undertook a campaign of retaliation in response to a grievance about prison

---

[1] It might be different if the complaint alleged that inmates were receiving unsafe food, but the mere fact that cereal boxes had expired dates on them is hardly a matter of public concern.

2

conditions he had sent to then-State Rep. Gwen Moore.  Without elaboration, he alleges that this retaliation was also somehow in response to the food service complaints he had made at Redgranite more than a year earlier.  Although in paragraph 73 he states that a KMCI officer named Stahl had taken his legal files relating to his complaints against Redgranite staff, that does not link the retaliation claims at both institutions together.  In other words, the claim against the food service and other staff at Redgranite is completely separate from the claim at Kettle Moraine, which is based on the complaint he sent to Rep. Moore.  Thus, as with his earlier complaint, joinder of the distinct claims against distinct defendants is improper.  Fed. R. Civ. P. 20(a).  If Plaintiff wishes to bring a conspiracy / retaliation claim based on events at KMCI, he must file a separate complaint, open a new case, and pay an additional filing fee.

Accordingly, the claims based on retaliation at Redgranite Correctional Institution are **DISMISSED** with prejudice.  The remaining claims are **DISMISSED** without prejudice, and the clerk is directed to enter judgment accordingly.

**SO ORDERED** this      23rd      day of July, 2008.


                                                                     s/ William C. Griesbach
                                                                    William C. Griesbach
                                                                    United States District Judge

3