UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN TATE,

        Plaintiff,

  v.                                      Case No. 07-C-755

MATTHEW FRANK, et al.,

        Defendants.

**ORDER**

      Plaintiff Sean Tate, an inmate presently at GBCI, has filed a motion to amend the judgment, suggesting that the court should reconsider its dismissal of his lawsuit. In my order dismissing the case, I noted that "telling someone to put on gloves, or suggesting that a friend should get a job, are not forms of petitioning the government for redress nor the kinds of prisoner speech that receive constitutional protection." (Dkt. # 65 at 2.) I further concluded that a stray complaint about cereal boxes with expired dates was hardly the sort of speech that was entitled to First Amendment protection. Accordingly, I dismissed the Plaintiff's retaliation claim. Plaintiff now asserts that he was unfairly subjected to a heightened pleading standard, but that is not the case. Plaintiff's claim was dismissed not because of any "pleading standard" but because the plain language found in the complaint compelled dismissal.

      Plaintiff also asserts the court failed to address a due process claim, namely, his assertion that disciplinary charges against him were trumped up through the use of false documents, etc. Within the complaint, the due process claim seems part and parcel of the claim that I dismissed without prejudice for improper joinder, and as such it was not addressed on its merits. To the extent

Plaintiff asserts he had a due process claim with respect to his claim I dismissed with prejudice, such a claim does not survive. Federal courts do not sit as general reviewing bodies for internal prison disciplinary hearings. Review for due process is limited to those situations in which a prisoner's discipline results in confinement or other punishment that effects an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995). As the Seventh Circuit has noted, even "extremely harsh" prison conditions may not be so "atypical" as to create the liberty interest. *Townsend v. Fuchs,* 522 F.3d 765, 771 (7th Cir. 2008). The point is that constitutional due process protections do not come into play for most prison hearings unless the result of the hearing is, say, six months in disciplinary segregation, or transfer to an extremely restrictive "Supermax" facility. *Wilkinson v. Austin,* 545 U.S. 209, 222-24 (2005). There is nothing like this alleged in the amended complaint.

With respect to the allegations I addressed on the merits, Plaintiff merely asserts he was transferred from one medium security prison to a "more restrictive medium institution," and that does not give rise to any due process protections. He also alleged (in the portion of the complaint I dismissed without prejudice) he was transferred from medium to maximum security, but I note that such an allegation would similarly fail to give rise to due process concerns. *Whitford v. Boglino,* 63 F.3d 527, 532 (7th Cir. 1995) ("Whitford's transfer to a maximum security institution did not implicate his federal due process rights. A prisoner has no due process right to be housed in any particular facility.")

Accordingly, the motion to amend the judgment is **DENIED**.

**SO ORDERED** this   8th   day of August, 2008.

                                                 s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge